The opinion of the Court was delivered by
JohnsoN, J.
, The rule very clearly is, that if the defendant plead and answer to the same matter in the complainant’s bill, the answer overrules the plea, or, in other words, the plea stands as a part of the answer. Cooper Eq. PI. 229; Beam. PI. in Eq. 37. But, under the circumstances of this case, I cannot perceive what difference it will make, whether the case is determined on the assumption that the plea is overruled by the answer, or whether it" is entitled to'stand as part of the answer. In either view the question presented is, whether the plaintiff is concluded by having stated an account with- the defendant; for the determination of that question against him *356 is a bar to the account, whether it come under the plea or the answer.
The signing of an account stated, it is conceded, is a bar to the claim of either party to a subsequent account, although the party complaining may, upon the ground of mistake or fraud, be permitted to come in and surcharge and falsify any or all of the items; and the rule proceeds on the principle, that signing the account is evidence of the assent of the parties to the correctness of all the items. It is evidence of their admission that it was true, and to repel that there must be proof of fraud or mistake. Upon this principle it has been held that the signing of a security on the foot of an account stated, although the account itself is not signed, will bar an account.
And, I apprehend, that upon the same principle, proof of any other act, clearly and unequivocally showing an account between the parties of all matters between them, and regarded and considered by them as a final settlement, would also be cqpsidered as a bar. Suppose, for example, that these parties •had come to a settlement, professedly, of all their accounts, and divided their funds or their responsibilities, and instead of signing an account stated, or a security on the foot of it, they had mutually agreed to destroy all the books and vouchers from which the accounts were made up — surely, upon the principle, that would also bar a subsequent account. How are the facts here ? _ The witnesses, Wm. Procter and Benj. Howland, both men of business and eminently qualified for the office, state unequivocally that they were called upon by these parties to make a full and final settlement between them, and that upon a thorough examination of all their accounts with their assistance and in their presence, they made a settlement, the result of which is exhibited in the summary produced on the trial, and that they understood both were satisfied with it, and upon the faith and in pursuance of it, each gave their notes for the sums due by them, according to this settlement, to their creditors; and the defendant states in his answer, that, in the belief *357 that this was a final settlement, he neglected to preserve the books necessary to enable him to make another account.
Now it does appear to me, that their giving their separate notes to the creditors, is in exact conformity to the rule which regards the signing of a security on the foot of an account as equivalent to the signing of the account itself. There can be no difference in principle between a security given to a stranger, founded on the result of an account, and one given to the party. The one is as much the evidence of assent to the account as the other.
Wrong may have been done to the complainant in the settlement, either by mistake or the fraud of the defendant, but to entitle him to relief, it was incumbent on him, according to the rules of law and the practice of the Court, to show it. ,He has failed to do so, and his bill was, therefore, properly dismissed.
The appeal is dismissed and the decree of the Circuit Court affirmed.
O’Neall, J., concurred.

Decree affirmed.